SEMPLE (HOME v.). See Case No. 6,658.

## Case No. 12,661.

### SEMPLE v. UNITED STATES.

[Chase, 259.] [1]

District Court, E. D. Virginia. May Term, 1868.

CONFISCATION—PROCEEDINGS—DEFAULT—FORM OF PROCEEDINGS.

1. Inasmuch as the confiscation acts of August. 1861. and July, 1862, have been several times considered by the supreme court in reported cases, and no question has ever been made by counsel or court of the constitutionality of those statutes, it is a fair conclusion that neither the bar nor bench doubted their constitutionality.

2. This court will hold, therefore, for the present. those acts to be constitutional, but will be gratified to have the question submitted to the supreme court. and adjudged upon direct argument and consideration.

3. Proceedings for condemnation of lands under these statutes, may be according to forms used in admiralty, but they must conform to the course of the common law in respect to the trial of issues of fact and exceptions to evidence, and can only be reviewed after final judgment or decree on writ of error, that writ being the process by which common-law proceedings are reviewed—appeal being the appropriate method in causes of admiralty and maritime jurisdiction.

4. In this cause the proceeding has, properly been by writ of error.

5. But there being no appearance in the court below, there could be no issue of fact, nor direction for trial by jury, and therefore judgment was properly entered by default.

6. If it appeared by the record that an issue had been made and tried by the court without a jury, and without submission by the parties, the judgment would have been reversed.

[Error to the district court of the United States for the district of Virginia.]

Semple owned property in Elizabeth City county, Virginia, almost under the guns of Fortress Monroe, and adhering to Virginia during the Civil War, necessarily followed her flag, and remained within her military lines. While so absent from his home, it was seized under the process of the district court of the United States by virtue of the confiscation acts of congress, and a due notice stuck up at the court-house door for him to appear and defend his property. It being the decision of that court that no person adhering to "the Rebellion," should appear there in person or by attorney to defend his property, and Semple being likewise within military lines where it was illegal and impossible for him to hear what was transpiring in and about the district court of the United States for Virginia, he never did appear and defend in the proceeding. Whereupon evidence was heard and a decree of confiscation rendered against him by default, and the property sold under a writ of venditioni exponas. [Case unreported.] The record was now brought into this court on writ of error, for the purpose of obtaining a decision here that the proceedings below hav-

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

ing been in admiralty were void, and therefore the sale of Semple's property would fall with the decree on which it rested.

CHASE, Circuit Justice. This case comes before us upon a writ of error to the district court for the district of Virginia. The proceedings in that court were by seizure and libel of information for the condemnation, under the act of July 7, 1862, of certain real estate of the plaintiff in error, situated in Elizabeth City county, within the district of Virginia.

The seizure and libel were followed by an order fixing a short day for trial, and directing the issue of monition and publication of notice according to the ordinary course of admiralty. There was no appearance, and the decree of confiscation or forfeiture after examination of witnesses, was made upon default, and the property was sold under a writ of venditioni exponas.

Three points were made in argument for the plaintiff in error.

The first is that the act under which the proceedings for condemnation were had, is unconstitutional. Several cases arising under this act and that of August, 1861, of like tenor, have been considered by the supreme court. Union Ins. Co. v. U. S., 6 Wall. [73 U. S.] 763, and other cases in same volume.

In neither of these cases was this point made, either by counsel or by the court; and it is a fair conclusion that neither at the bar nor upon the bench, was the constitutionality of the act doubted.

We, at least, unless clearly satisfied that the act is unconstitutional, and satisfied also that the point passed without observation in the supreme court, are bound here by the action of that court.

We shall hold, therefore, for the present, that the act is warranted by the constitution; but shall be gratified if the question is again submitted to the supreme court, and adjudged upon direct argument and consideration.

The other point made for the plaintiff in error is, that the suit in the district court was in admiralty; whereas, being for condemnation of a seizure of land, the remedy should have been sought in the common-law side of the court.

But in Union Ins. Co. v. U. S. [supra], it was held that a proceeding for condemnation might well be according to forms used in admiralty, although it must be conformed to the course of the common law, in respect to the trial of issues of fact and exceptions to evidence; and, regularly, could only be reviewed after final judgment or decree upon writ of error.

In that case there had been an appearance and claim, but no trial by jury and no exceptions to evidence; and the cause was brought into the supreme court by appeal.

The court took jurisdiction of the cause upon the appeal only, for the purpose of reversing the decree as irregular, and remanding the

cause for further proceedings. In this case the cause is brought before us by writ of error, not by appeal; and this mode of invoking the appellate jurisdiction is peculiar to civil actions as distinguished from causes of admiralty and maritime jurisdiction. It is evident, therefore, that the plaintiff in error did not regard the proceedings below as a cause in admiralty; and he was right, for though in the form of admiralty, it was, in substance, a proceeding at common law. If it appeared from the record that an issue had been made and tried by the court without a jury, and without submission by the parties, it would be our duty to reverse the judgment or decree in conformity with the principles settled in Union Ins. Co. v. U. S., but nothing of this sort appears. The cause was suffered to go by default, and there can be no direction of trial by jury where no issue is made and no such trial demanded. On the contrary, it is the constant practice to render judgment of forfeiture in such cases by default, without the intervention of a jury. Conk. Prac. 568. We see, therefore, no error in the judgment or decree of the district court, and it must be affirmed.